```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
    -against-                       :
                                    :   No. 10 Cr. 654 (HB)
DOMINICK P. CAROLLO,                :
STEVEN E. GOLDBERG, and             :
PETER S. GRIMM,                     :
                                    :
            Defendants.             :
-------------------------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
    -against-                       :
                                    :   No. 10 Cr. 1217 (KMW)
PETER GHAVAMI, GARY HEINZ,          :
and MICHAEL WELTY,                  :
                                    :
            Defendants.             :
-------------------------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
    -against-                       :
                                    :   No. 09 Cr. 1058 (VM)
RUBIN/CHAMBERS, DUNHILL             :
INSURANCE SERVICES, INC.,           :
DAVID RUBIN, ZEVI WOLMARK,          :
and EVAN ANDREW ZAREFSKY,           :   **OPINION & ORDER**
                                    :
            Defendants.             :
-------------------------------------------------------X
```

**HAROLD BAER, JR., KIMBA M. WOOD, VICTOR MARRERO, U.S. District Judges:**

Before the Court is the request of all defendants in the three above-captioned matters for this Court to determine whether the way in which the government used confidential informants to record certain conversations with targets of its investigation tainted the prosecution of defendants in each case such that some remedy is appropriate.

## Background

On December 2, 2011, the judges presiding over the above-captioned cases heard motions filed in each case by the government and third-party movants regarding *Brady* and attorney-client privilege issues. At the December 2, 2011 hearing, the Court resolved both the

1

government's application to disclose certain recordings to defendants and the third parties' motions to prohibit the disclosure of certain potentially privileged material.  During the course of that hearing, defendants and the third parties raised concerns that the government may have improperly obtained evidence that was subject to the attorney-client privilege through the use of confidential informants who created consensual recordings with various third parties during the course of the government's investigation.[1]  Although the defendants' concerns were largely speculative because the recordings they received from the government were redacted to withhold privileged material, to better understand how the government managed its informants in this investigation, we decided to hold a hearing to determine if any portion of the government's cases is tainted by improperly obtained evidence.[2]  On December 20, 2011, the Court allowed the defendants and government to present evidence and examine certain witnesses regarding the procedures that the FBI and DOJ Antitrust Division attorneys employed to record and manage the recordings in question in all three cases.

Following the hearing, the Court directed that on or before December 23, 2011 the defendants and government each file a letter detailing their positions as to whether the government investigation in these matters was tainted.  The parties and third parties have also submitted letters and various exhibits, including recordings, transcripts, and other documentation regarding the use of confidential informants for the Court's review.

## **Discussion**

The central issue when evaluating an allegation that a prosecution has been "tainted" is "whether the evidence to which objection is made has been 'come at' by exploitation of illegal police conduct or by sufficiently different or distinguishable means to be pure or 'purged.'" *United States v. Sapere*, 531 F.2d 63, 64 n.1 (2d Cir. 1976) (citing *Brown v. Illinois*, 422 U.S. 590, 597-99 (1975); *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963)).

The standard for determining whether certain evidence is "tainted" depends upon the particular type of illegality alleged to be the source of that evidence.  Because the defendants

---

[1] The term "consensual recording" refers to a recording where at least one party to the conversation is aware that the conversation is being recorded.  In this case, the confidential informants worked with the FBI to obtain recordings of conversations with various individuals, including the third parties referenced in this Opinion.

[2] The third parties lack standing to argue evidence is tainted here where there has not even been as much as an indictment filed against them.  Nevertheless, we have allowed them an opportunity to communicate with the Court on the record to the extent that the concerns may touch on their clients' rights, namely attorney-client privilege.

assert that government attorneys mismanaged confidential informants in a manner that created intrusions into the attorney-client privilege of investigation targets, the illegality alleged here is a violation of certain rules of professional conduct in existence at the time the recordings were made, namely, DR 7-104(A)(1).[3]  DR 7-104(A)(1) states:

> (A) During the course of his representation of a client a lawyer shall not:
> (1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

"Although disciplinary rules and rules of professional responsibility are not statutorily mandated, 'federal courts enforce professional responsibility standards pursuant to their general supervisory authority over members of the bar.'" *S.E.C. v. Lines*, 669 F. Supp. 2d 460, 463 (S.D.N.Y. 2009) (quoting *United States v. Hammad*, 858 F.2d 834, 837 (2d Cir. 1988)).  In *Hammad*, the Second Circuit held that suppression is within "the arsenal of remedies available to district judges confronted with ethical violations" such as a violation of DR 7-104(A)(1).  858 F.2d at 842.[4]  Defendants' requested relief begins here and goes much further, asking this Court to impose even more extensive remedies.

To prevail, the defendants bear "the initial burden of producing specific evidence demonstrating taint in a substantial portion of the Government's case against [them]." *United States v. Sacco*, 563 F.2d 552, 558 (2d Cir. 1977) (quoting *Sapere*, 531 F.2d at 66 (citations omitted)).  If the defendants make this showing, the burden shifts to the government to prove the evidence is untainted.  *Id.*; *United States v. Magaddino*, 496 F.2d 455, 459-460 (2d Cir. 1974).

The defendants argue that intrusions into attorney-client communications and joint defense communications by confidential informants, under the supervision of government agents, tainted the prosecution team in all three cases such that defendants are entitled to either dismissal of all three indictments, or in the alternative, dismissal of the conspiracy counts in the CDR case, preclusion of testimony from witnesses who engaged in the alleged misconduct, and

---

[3] The Second Circuit has established that in criminal prosecutions DR 7–104(A)(1) applies to "government attorneys ... [and] to non-attorney government law enforcement officers when they act as the alter ego of government prosecutors." *United States v. Jamil*, 707 F.2d 638, 645 (2d Cir. 1983); *see also U.S. v. Nouri*, 611 F. Supp. 2d 380, 385 (S.D.N.Y. 2009) ("The Rule applies to attorneys and those acting at the behest of an attorney.").

[4] However, the *Hammad* Court ultimately reversed the district court's suppression of evidence directly obtained from the violation of that rule because the law had been previously unsettled.  858 F.2d at 842.

barring the lawyers, agents, and paralegals who were exposed to said communications from continuing to participate in this case.

Defendants present evidence that in three different recordings, two confidential informants, Dean Pinard and Douglas Goldberg, inquired into and elicited information that was potentially subject to attorney-client privilege. However, whether or not this is so, the government has made clear that it will not introduce any of these recordings, nor evidence derived from these recordings, in its case-in-chief in any of the three trials.[5] Therefore, it appears that there is no valid concern that tainted evidence will be used in any of the cases because none of the material contained in even arguably ill-begotten portions of recordings will be presented to any jury. If the defendants believe that the government introduces tainted evidence at trial, they will have an opportunity to object at that time.

Nevertheless, the defendants argue that each prosecution team is tainted because the trial teams have had the benefit of preparing for trial with improperly obtained privileged material. Defendants specifically argue that the prosecution teams relied on (i) a confidential portion of one recording in conducting a mock trial and (ii) a recording of another individual, a third-party who has entered into a Joint Defense Agreement, which revealed defense strategy concerning the use of a statute of limitations defense. After reviewing the recordings in question and other evidence submitted by the parties, we cannot conclude that any of the allegedly offending portions of these recordings, separately or in the aggregate, affected a "substantial portion" of the government's case against the defendants. On the present record, nothing suggests that it would be appropriate to grant the relief sought by defendants. *See United States v. Miceli*, 774 F. Supp. 760, 773 (W.D.N.Y. 1991) ("[T]he exercise of the supervisory power must concern real prejudice to the defendant [and must] not be a naked exercise in supervision over executive branch officials.").

Where, as here, the government is not seeking to introduce the recordings at issue into evidence, and the recordings to which the prosecution has been privy do not contain information of such a nature as to prejudice the defendants' respective cases, the Court will not invoke its supervisory role to grant the defendants' request.

---

[5] Additionally, the government has stated that it will not call Dean Pinard to testify, but it does plan to call Douglas Goldberg.

In an effort to cast the entire investigative process as tainted, the defendants point to a number of potential inconsistencies between the testimony presented at the taint hearing and the documentary evidence before the Court, e.g., purported contradictions between the testimony of FBI Special Agent Zachariades and the information contained in the "privilege log" and other documents. After reviewing all the evidence, it is not clear that the testimony is actually inconsistent with the documents. Assuming *arguendo* that such inconsistencies were present, we would find that somewhat troubling – as we do evidence of a confidential informant operating under the auspices of a federal agency and inquiring into potentially privileged information. However, we cannot say in light of all the evidence that any alleged wrongdoing affected a substantial portion of the three above-captioned cases.

Finally, the Court has considered all of the defendants' and third parties' additional arguments and finds them unpersuasive.

## Conclusion

Having held a taint hearing on December 20, 2011 and after reviewing all the evidence submitted to the Court, we conclude that the defendants have not sustained their burden to show specific evidence of taint in a substantial portion of any of the three above-captioned matters. Therefore, their request for relief arising out of any taint issues is DENIED.

SO ORDERED.

New York, New York
December 30, 2011

HAROLD BAER, JR.
United States District Judge

KIMBA M. WOOD,
United States District Judge

VICTOR MARRERO.
United States District Judge

5